UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES MAXWELL,<br><br>Plaintiff,<br><br>v.<br><br>GRACE M. KIM,<br><br>Defendant. | Case No. 16-cv-01192-MEJ<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT & RECOMMENDATION** |

### INTRODUCTION

On March 10, 2016, Plaintiff Kenneth James Maxwell ("Plaintiff") filed a Complaint and an Application to Proceed In Forma Pauperis. For the reasons stated below, the Court **GRANTS** the Application to Proceed In Forma Pauperis. As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITH LEAVE TO AMEND**.

### BACKGROUND

Plaintiff completed his Complaint using a form entitled "Complaint for Judicial Review of Decision of Commissioner of Social Security." Compl., Dkt. No. 1. However, in the body of his Complaint, he refers to: (1) the U.S. Department of Agriculture, which has a policy that "discriminating on the basis of race, color, national origin, sex, age, religion, political beliefs, or disabilities is strictly prohibited"; and (2) the Americans with Disabilities Act, which "protects people with disabilities has [sic] a physical impairment that substantially limits one or more major life activities restricts The [sic] ADA and City policy require that people with disabilities have equal access to all city services, activities, and benefits." *Id.* at 4-5. Plaintiff also lists several

provisions of the United States Constitution, including the Commerce Clause; and the Fifth, Ninth, and Thirteenth Amendments. *Id.* at 1. He also lists "Title II of the Civil Rights Act of 1964." *Id.* He names Grace M. Kim as the Defendant, but provides no information about her.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Here, Plaintiff submitted the required documentation, and it is evident from the application that the listed assets and income are insufficient to enable Plaintiff to pay the filing fees. Accordingly, the Court GRANTS the Application to Proceed In Forma Pauperis.

## SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

**A.     Legal Standard**

A district court must dismiss the complaint of an in forma pauperis applicant if it determines the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Further, district courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations. *Id.* at 1228.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). For instance, in *Ashcroft v. Iqbal*, the Supreme Court rejected conclusory assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject

1   [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his]
2   religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. 662,
3   680 (2009). The Court reasoned that such allegations were akin to the "formulaic recitation of the
4   elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.* In doing so,
5   the Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that
6   allows the court to draw the reasonable inference that the defendant is liable for the misconduct
7   alleged." *Id.* at 678.

8   When dismissing a case, the Ninth Circuit has "repeatedly held that a district court should
9   grant leave to amend even if no request to amend the pleading was made, unless it determines that
10  the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203
11  F.3d 1122, 1130 (9th Cir. 2000). Pro se pleadings are liberally construed. *Haines v. Kerner*, 404
12  U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).
13  Thus, unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
14  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
15  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

16  **B.    Application to the Case at Bar**

17  Based on the allegations in Plaintiff's Complaint, it is unclear what type of claim he
18  intends to bring. If Plaintiff's claim is based on a decision of the Commissioner of Social Security
19  which adversely affects him in whole or in part, he must (1) name Carolyn W. Colvin, Acting
20  Commissioner of Social Security, as the Defendant; and (2) provide the caption information for
21  the case.

22  If Plaintiff intends to bring a claim for violations of the Constitution or a federal statute
23  such as Title VII, as noted above, Rule 8(a)(2) requires "a short and plain statement of the claim
24  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does
25  not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to
26  relief above the speculative level." *Twombly*, 550 U.S. at 555. Pro se pleadings are subject to
27  Rule 8(a)(2) but are held to "less stringent standards than formal pleadings drafted by lawyers."
28  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Here, the basic facts underlying

Plaintiff's claims are unclear—the events that transpired are vague and there are no specific allegations regarding the named Defendant's involvement. While it is possible Plaintiff may have viable claims for violations of his rights related to the Constitution or a federal statute, at present he has failed to allege facts supporting those claims or showing what the named Defendant did or failed to do in relation to each of those claims. Accordingly, Plaintiff has failed to state a claim showing he is entitled to relief.

Despite these problems with the current version of Plaintiff's Complaint, it is not absolutely clear that Plaintiff cannot state a federal cause of action. This Court may not "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted). Therefore, given Plaintiff's pro se status the undersigned finds it appropriate to grant Plaintiff leave to amend his Complaint if he is aware of facts supporting a plausible federal claim(s).

**CONCLUSION**

Based on the analysis above, the Court **GRANTS** the Application to Proceed In Forma Pauperis. As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITH LEAVE TO AMEND**.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

The Court advises Plaintiff that he may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available online at: http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case,

1  including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office
2  and online at: http://cand.uscourts.gov/prosehandbook.
3      **IT IS SO ORDERED AND RECOMMENDED.**
4
5  Dated: March 30, 2016
6      _____
7      MARIA-ELENA JAMES
    United States Magistrate Judge

*United States District Court*
*Northern District of California*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH JAMES MAXWELL,

    Plaintiff,

    v.

GRACE M. KIM,

    Defendant.

Case No. 16-cv-01192-MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 30, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth James Maxwell
525 Fifth Street
San Francisco, CA 94107


Dated: March 30, 2016

                                  Susan Y. Soong
                                  Clerk, United States District Court

                                  By:_____
                                  Chris Nathan, Deputy Clerk to the
                                  Honorable MARIA-ELENA JAMES